# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

USDC-BALTIMORE
'26 MAR 26 PM2:51

**William Stansbury**, Plaintiff,

v.

**Carrols LLC d/b/a Burger King**, Defendant.

Civil Action No.: _____

MJM 2 6 CV 0 1 2 2 3

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION (Title VII – Sexual Orientation)

## I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., which prohibits employment discrimination on the basis of sex, including sexual orientation.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action presents a federal question.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred within this District.

4. Plaintiff exhausted all administrative remedies prior to filing this action.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

6. Plaintiff received a Notice of Right to Sue from the EEOC and files this action within ninety (90) days of receipt.

## II. PARTIES

7. Plaintiff William Stansbury is a resident of the State of Maryland.

8. Defendant Carrols LLC is a foreign limited liability company authorized to do business in Maryland and operates Burger King franchise locations including the location in Gambrills, Maryland.

9. Defendant is an employer within the meaning of Title VII.

10. Defendant may be served through its registered agent: The Corporation Trust Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093.

## III. FACTUAL ALLEGATIONS



HD

Rcv'd by: ___AR_____

11. On or about April 17, 2025, Plaintiff applied for a Team Member position at a Burger King restaurant located in Gambrills, Maryland.

12. Plaintiff met the basic qualifications for the position and was ready and willing to perform the job.

13. On or about April 19, 2025, Plaintiff was informed by a manager and direct witness that the hiring manager, Lawrence Graves, stated that Plaintiff would not be hired because Plaintiff was 'too gay.'

14. As a result of this statement and decision, Plaintiff was not interviewed and was denied employment.

15. Plaintiff reasonably believed the denial of employment was based on discrimination due to sexual orientation.

16. Plaintiff filed a charge of discrimination with the EEOC.

17. Plaintiff attempted to resolve the matter privately prior to filing suit.

18. Defendant failed to meaningfully engage in resolving the dispute.

19. The statement attributed to the hiring manager that Plaintiff would not be hired because he was 'too gay' constitutes direct evidence that Plaintiff's sexual orientation was a motivating factor in Defendant's refusal to hire Plaintiff.

20. As a result of Defendant's conduct, Plaintiff suffered emotional distress, humiliation, financial hardship, and related damages.

## IV. CLAIM FOR RELIEF – TITLE VII DISCRIMINATION

21. Plaintiff incorporates by reference all preceding paragraphs.

22. Title VII prohibits employers from discriminating against individuals because of sex, including sexual orientation.

23. Defendant refused to hire Plaintiff because of Plaintiff's sexual orientation.

24. Defendant's conduct constitutes unlawful employment discrimination in violation of Title VII.

25. As a result, Plaintiff has suffered economic loss and emotional distress.

## V. PRAYER FOR RELIEF

A. Back pay and front pay as permitted by law;

B. Compensatory damages for emotional distress and related harm;

C. Punitive damages as permitted under 42 U.S.C. § 1981a;

D. Costs of this action;

E. Any other relief the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

William Stansbury
1619 Spruce St
Curtis Bay, MD 21226
240-422-3599
WillStansbury0@gmail.com

Date: _03/26/2026_